## Richmond

### ALAN LEONARD JACOBS, SR.

v.

### MARJORIE WEISEL JACOBS

April 20, 1979.

Record No. 770869.

Present: All the Justices.

*W. Griffith Purcell* for appellant.

*William W. Muse (Blanton and Muse,* on brief), for appellee.

PER CURIAM.

This appeal questions the authority of a chancellor to enter a divorce decree fixing a future increase in a spousal support award, contingent upon an increase in the obligor's income.

The decree, entered March 1, 1977, granted Marjorie Jacobs (wife) a final divorce from Alan Leonard Jacobs, Sr., (husband) on the ground of adultery. In a lengthy letter opinion, the chancellor found that the standard of living during coverture was "modest"; that husband gave wife "around $650 per month apparently for food, clothing . . . and running the house, which at that time involved two growing boys"; that the $18,000 in net proceeds from the sale of the $30,000 marital residence had been divided equally; that wife was 48 years of age, suffered "a number of physical ailments," and because of her "lack of skills" was "unable to engage in any significant gainful employment"; that wife's statement of monthly expenses of $1,733.75 "shows some rather high items" and other items which "may be desirable, but do not seem essential"; that husband's statement of monthly expenses of $1,791.74 included some items which "are not properly available to him"; that husband's average gross annual income for the last six years was $39,146; that husband owned 45% of the $337,950 stockholders' equity in a retail clothing corporation; and that husband's deceased mother had created a $200,000 testamentary trust under which the trustees "have '. . . absolute and uncontrolled discretion . . .' to pay income or principal to [husband] as they 'deem appropriate . . .' [and to] . . . terminate the trust at any time during [husband's] lifetime and pay the entire amount over to

him." The mother's will, introduced as an exhibit, further granted husband a testamentary power of appointment of the trust corpus and provided that, if he failed to exercise the power, the corpus would pass to his children.

The wife was awarded attorneys' fees of $7,500, costs of $1,121.18, and "$800 per month as support, beginning January 1, 1977". The decree then provided the following which the parties refer to as the "escalator clause":

> Further as support, it is ADJUDGED and ORDERED that the defendant pay 25% of all income received by him in any calendar year beginning with 1977 in excess of $32,000; income to include but not be limited to earnings from interest, dividends, as well as beneficiary of any trust.

The courts of this Commonwealth are empowered to assess spousal support awards, not to penalize or reward either party to the marriage contract, but rather to do equity between the two and to protect society's interests in the incidents of the marital relationship. Code § 20-107 defines several standards for balancing the respective needs and capacities of the husband and wife. The balance must be struck and awards made "upon the basis of the circumstances disclosed by the evidence at the time of the award." *Thomas* v. *Thomas*, 217 Va. 502, 505, 229 S.E 2d 887, 889-90 (1976). Code § 20-109 grants courts continuing jurisdiction to modify awards "where changed circumstances are demonstrated". *Id.*

This statutory scheme recognizes that comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that spousal support awards must be determined in light of contemporary circumstances and then, if necessary, redetermined in light of new circumstancces.

In determining the obligor's ability to pay, courts are authorized by Code § 20-107 to consider not only earnings but also "earning capacity". But in doing so, "it is not proper to consider what [the obligor] might ultimately receive" as a "'potential recipient' of a share of [a trust] fund". *Robertson* v. *Robertson*, 215 Va. 425, 428, 211 S.E.2d 41, 44 (1975).

While the *Robertson* award was fashioned to take effect in the present and the Jacobs escalator clause in the future, both were premised upon the occurrence of an uncertain future cir-

cumstance. An award so premised ignores the design and defeats the purpose of the statutory scheme.

The decree will be reversed and the cause remanded for entry of a new decree which does not include the escalator clause.

*Reversed and remanded.*