**Alexandria**

JAMES DAVID KEYSER

v.

MARY SUSAN FLISTER KEYSER

No. 0892-85

Decided June 17, 1986

COUNSEL

John T. Hennessy (Will, Hennessy & Reed, on brief), for appellant.

No brief or argument for appellee.

OPINION

**DUFF, J.**—James David Keyser appeals from a court order that provided that his child support obligation would be subject to an automatic yearly adjustment in an amount to be determined by the percentage increase or decrease in salaries of certain employees of the Virginia Department of Highways and Transportation. He contends that the court abused its discretion in providing for an automatic increase or decrease in the amount of his obligation without regard to changed circumstances or the needs of the child. We agree.

By order dated May 28, 1985, Keyser was granted a divorce on the ground that the parties had lived separate and apart for more than one year. The final decree of divorce incorporated a property settlement and support agreement entered into by the parties on May 16, 1985, which resolved all issues relating to spousal support, property division, and child custody. Under the agreement, Keyser was to have custody of two of the parties' four children, and Mary Susan Flister Keyser, his former wife, was to have custody of the other two children.

An *ore tenus* hearing was held on May 28, 1985, to determine the parties' child support obligations. At the conclusion of the hearing, Keyser was ordered to pay $10 per month for the support of the oldest child who was close to her eighteenth birthday. Keyser was also ordered to pay $160 per month for the support of the parties' youngest child in his mother's custody. The court further ordered that every July 1, the award for the support of the child would increase or decrease by the same percentage of in-

crease or decrease in the salaries of employees of the Virginia Department of Highways and Transportation in Keyser's category.

Keyser argues that the provision providing for an automatic increase or decrease in the amount of his child support obligation violates Virginia's statutory scheme regarding changes in support payments. The ability of the obligated parent to pay is only one of several factors to be considered in fixing the amount of child support. Code § 20-107.2(2)

■ In reviewing awards of spousal support, the Virginia Supreme Court has held that in fixing the amount of the award, courts may not consider funds the obligor may receive in the future. *Jacobs* v. *Jacobs*, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979); *Robertson* v. *Robertson*, 215 Va. 425, 428, 211 S.E.2d 41, 44 (1975). In these cases, the court noted that needs and capacities change as circumstances change and that these changes are not always fairly predictable. Determination of support awards must be based on contemporary circumstances and modified in the future as changes in circumstances occur. *Cf. Thomas* v. *Thomas*, 217 Va. 502, 505, 229 S.E.2d 887, 889-90 (1976).

In *Jacobs*, the court reversed the portion of a divorce decree that fixed a future increase in a spousal support award contingent upon an increase in the obligor's income. The court noted that an award based upon the occurrence of an uncertain future circumstance ignores the design and defeats the purpose of the statutory scheme, recognizing that "comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that spousal support awards must be determined in light of contemporary circumstances and then, if necessary, redetermined in light of new circumstances." 219 Va. at 995, 254 S.E.2d at 58.

■ The court's reasoning in *Jacobs* regarding awards of spousal support also applies to child support determinations. Any change in the amount of the husband's child support obligation should result from a change in the parties' circumstances and be based upon a consideration of the factors set forth in Code § 20-107.2. As the needs of the child change and the father has the capacity to respond to those needs, the award can be modified in light of the changed circumstances. The statutory scheme provided by the General Assembly does not contemplate automatic changes or es-

calator clauses.

Accordingly, that portion of the decree providing for an automatic increase or decrease in the amount of the father's obligation is reversed.

*Reversed.*

Barrow, J., and Cole, J., concurred.