**CIRCUIT COURT OF LOUDOUN COUNTY**

William E. Buland

v.

Jane H. Buland

November 7, 1990

Case No. (Chancery) 11492

By JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the issue of the application of the child support escalator clause of the marital settlement agreement in light of a reduction in child support previously granted by the Court. The Court heard oral argument on October 26, 1990.

For the reasons hereinafter set forth, the escalator clause is found to be a contractual provision which this Court cannot modify. The clause is not child support; and, further, the adjustments under the clause must be based upon the child support as originally provided for in the agreement.

In October, 1988, the parties, who have two minor children, executed a Marital Settlement Agreement (the "Agreement") dated October 31, 1988. Both parties were represented by counsel. The Agreement was negotiated, and each party bargained for and gave up certain positions and rights. The pertinent provisions are as follows:

(a) Paragraph 9a in which Mr. Buland agreed to pay to Mrs. Buland "for the support and maintenance of each of the minor children, the sum of Seven Hundred Fifty Dollars ($750.00) per month . . . ."

(b) Paragraph 9b which reads:

b. The foregoing child support payments shall be adjusted annually, on the anniversary date of this Agreement, and shall be increased or decreased by the percentage of change, over the preceding twelve-month period, in the "CPI-U" published by the United States Labor Department Bureau of Labor Statistics.

The parties were divorced by decree entered December 29, 1988. The Agreement was affirmed, ratified, and incorporated in the decree. On March 21, 1990, Mr. Buland filed a petition for a reduction in child support. After hearing evidence, the Court reduced Mr. Buland's child support obligation from $750.00 per month per child to $660.00 per month per child effective September 1, 1990, by decree entered September 28, 1990. The issue of the effect of paragraph 9b in light of the reduction in child support was reserved for later determination.

Under § 20-109, no decree "imposing any . . . condition or consideration, monetary or nonmonetary, shall be entered except in accordance with that stipulation or contract" previously affirmed, ratified and incorporated in the final divorce decree. Only child custody and visitation and child support can be modified regardless of the parties' agreement. Therefore, the real issue is whether the escalator clause is child support or an independent contractual provision.

When a court sets child support, it must do so based on the present circumstances and not on speculative future events. *See, Keyser v. Keyser*, 2 Va. App. 459 (1986) (court cannot make a child support award with automatic future changes). However, the parties are free to contract as to the payment of money based on future events. For example, a custodial parent can contract for automatic future adjustments to avoid the expense or inconvenience of petitioning the court for an increase in child support in the future. On the other hand, the non-custodial parent may want such a provision in order to have some degree of definiteness in his child support obligation, as well as to avoid possible future litigation.

Mr. Buland did not seek a modification of the escalator clause, and he did not allege in his petition that the escalator clause was a part of or caused any change in

circumstances. He cannot seek relief beyond what he asks for in his petition.

Paragraph 9b of the Agreement applies the adjustment provisions to "the foregoing child support payments." The "foregoing child support payments" are payments of $750.00 per month per child set forth in paragraph 9a of the Agreement. In order for the escalator clause to have any real meaning, it must be applied to the $750.00 per month per child as a base amount. The Agreement sets forth an agreement that Mr. Buland would be paying an additional amount each year based on the "CPI-U" using the aforesaid base amount. He knew he would be facing this increase annually in the future when he signed the Agreement. He knew, or he should have known, when he signed the Agreement that the escalator clause was a provision that a court could not have ordered. It had to have been the intention of the parties that the $750.00 per month per child was to have been the base amount on which all future "CPI-U" adjustments would be made regardless of any future judicial modification of child support.