## CIRCUIT COURT OF CAMPBELL COUNTY

Christine Luton Barnett

v.

Melvin F. Barnett

July 3, 1991

By JUDGE J. SAMUEL JOHNSTON, JR.

I have completed my research and publish this letter as my opinion in the case. The facts are not in dispute, and I will not recite them here save for listing the pertinent dates and events of those dates.

In September of 1977, Mrs. Barnett (hereinafter wife) obtained a divorce *a mensa et thoro* from Mr. Barnett (hereinafter husband). The decree awarded the wife 55% of the husband's net income as a unitary award for the support of her and their children. The support was to be paid in bi-monthly installments of $400.00, and in June of each year, a determination was to be made as to the actual monetary obligation owed pursuant to this formula.

In October of 1978, a final decree was entered and it incorporated the 55% payment arrangement. Husband paid the $400.00 installments as due, but there was never a yearly determination using the 55% formula.

In August of 1988, the wife filed a bill of complaint requesting the court to determine the arrearage using the 55% figure.

Husband urges that the original 55% escalator clause is void. In April, 1979, the Supreme Court decided that support awards couched in terms of percentages were contrary to the legislative mandate that awards be based upon a finding of contemporary circumstances. *Jacobs v. Jacobs,*

219 Va. 993 (1979). I find no compelling reason to give *Jacobs* retrospective effect, and its holding does not render the extant 55% clause void. There was subject matter jurisdiction in this case, both parties were given notice, both parties were represented by counsel, and the decree was not appealed nor collaterally attacked at any time until this proceeding began. *Cf. Watkins v. Watkins*, 220 Va. 1051 (1980); *Lapidus v. Lapidus*, 226 Va. 575 (1984); *Parra v. Parra*, 1 Va. App. 118 (1985); and *Stroop v. Stroop*, 10 Va. App. 611 (1990). There is no hint of fraud or collusion in our case. *Cf. Johnson v. Johnson*, 1 Va. App. 330 (1986). Thus, while the original support award is clearly erroneous, it is not void.

I refuse to apply the holding in *Jacobs* retroactively. Husband and wife had their day in court in 1978 and did not see to avail themselves of the opportunity to have the circuit court review the support award in light of the holding in *Jacobs*. *See Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971). The West Virginia Supreme Court of Appeals has given case law both prospective and retrospective effect. In *Bradley v. Appalachian Power Co.*, 256 S.E.2d 879 (W. Va. 1979), the court gave retroactive application to a comparative negligence standard in place of the harsh contributory negligence doctrine.

However, in *LaRue v. LaRue*, 304 S.E.2d 312 (W. Va. 1983), which was an equitable distribution award, the same court gave only prospective application to its decision. In *LaRue*, the court rationalized and explained the difference between tort law and divorce law in support of its decision. The most recent case in Virginia giving prospective application to a decision is *Harper v. Virginia Department of Taxation*, 241 Va. 232 (1991). The *Harper* case is *fact-specific* in that it is limited to tax issues but analogous to the logic that is employed by me. *See also, Fountain v. Fountain*, 214 Va. 347 (1973).

In October of 1985, § 20-60.3(4) was enacted requiring all support orders to be in terms of fixed sums. There is no clear indication that this statute was intended to apply retroactively. Courts are loathe, generally, to give retrospective application to statutes and will not where substantive rights would be affected. *See, Gaynor v. Hird*, 11 Va. App. 588, 400 S.E.2d 788 (1991). However, when no vested rights were affected or impaired, the Supreme

Court has allowed retroactive application of a new statute. *Hagen v. Hagen*, 205 Va. 791 (1965).

I view the enactment of Virginia Code § 20-60.3(4) as codifying the holding in *Jacobs* and by statute rendering void any percentage or escalator clause for support. Equitable principles govern this decision, and policy considerations support this result. Laches is not a defense to a suit to enforce payments of arrearage which are vested rights. *Johnson v. Johnson*, 1 Va. App. 330 (1986). Conversely, laches is not a defense to husband's failure to seek modification of the "erroneous" decree which became a void decree upon the enactment of § 20-60.3(4). This is especially true where there has been absolutely no reliance by the wife upon the escalator clause. Simply stated, the 55% clause was erroneous when awarded, was voidable pursuant to *Jacobs*, and became void in October of 1985.