## CIRCUIT COURT OF THE CITY OF RICHMOND

Gregory L. Baker

v.

Annie E. Baker

December 2, 1994

Case No. N-7572-1

BY JUDGE MELVIN R. HUGHES, JR.

The recent hearing in this case was brought by both parties — the plaintiff, to amend the Court's previous order of June 16, 1994, setting child and spousal support, custody and visitation and the defendant, on a motion to expand injunction and a petition to show cause. This case has been pending since March 13, 1989, about five and half years to the time of the latest hearing. With what I believe was a concession by the plaintiff-husband to an arrearage claimed by the defendant-wife, the primary issue is whether the Court's *pendente lite* order of June 16, 1994, emanating from a May 31, 1994, hearing should change. The Court finds it should not.

Essentially, husband argued that his correct income level has been brought about by seasonal conditions at work which will soon end. There was no evidence however of what the season is or when such will end. Even if there was evidence about an expected change in income level due to seasonal work any decision on support must be based on circumstances disclosed by the evidence at the time, not upon speculated future circumstances. See *Jacobs v. Jacobs*, 219 Va. 993, 254 S.E.2d 56 (1979). The loss of rental income the husband cites has been made up by his present income, which is above that which the Court found in May. And while the wife's income has decreased since by slightly over $200, there are now child care costs.

On the matter of private school. The Virginia Court of Appeals has held that private school education is elective, not mandatory and thus tuition

should come from child support. *El-Amin v. Adams*, (Va. App. May 24, 1994). While this is the law, to take the child out of school now, mid year, would be disruptive and inimical to the child's best interests. This circumstance makes the current amount of child support a justified deviation. *Wirth v. Wirth* (Va. App. May 18, 1993), an unpublished Court of Appeals decision.

The Court will permit the payroll deduction, deny that husband submit the mortgage amount directly to wife, deny to expand the injunction to include 617 Overbrook Road, and defer the request for attorney's fees until the end of the case.