COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Salem, Virginia

LOIS MARIE SIRRY PETERSON

v.          Record No. 0451-94-3      MEMORANDUM OPINION[*]
                                    BY JUDGE SAM W. COLEMAN III
DONALD EUGENE PETERSON                    JUNE 20, 1995

             FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                      Kenneth E. Trabue, Judge


          J. Emmette Pilgreen, IV (Harvey S. Lutins; Lutins &
     Shapiro, on briefs), for appellant.

          G. Marshall Mundy (Cheryl Watson Smith; Mundy, Rogers &
     Frith, on brief), for appellee.


     Lois Marie Sirry Peterson appeals the circuit court's ruling
that terminated her monthly spousal support payments from her
former husband, Donald Peterson.  She contends that the trial
court erred by (1) failing to impute pre-retirement income to the
husband for spousal support and (2) finding sufficient changed
circumstances to terminate the spousal support award.  Assuming
without deciding that the trial court erred by failing to impute
to the husband his pre-retirement income as the basis for his
ability to pay support, nevertheless, because the evidence shows
that the wife's income had significantly increased within the
five years following the support award and because she is fully
self-supporting, on the facts of this case, the trial court did
not err by terminating the support award.

---

[*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

On appeal, we view the evidence and all reasonable inferences therefrom in the light most favorable to the prevailing party below. Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E.2d 572, 574 (1993). A presumption exists that the trial judge based his decision on the evidence presented and properly applied the law. Williams v. Williams, 14 Va. App. 217, 221, 415 S.E.2d 252, 254 (1992) (quoting Brown v. Commonwealth, 8 Va. App. 126, 133, 380 S.E.2d 8, 12 (1989)). Furthermore, a trial judge's findings will not be disturbed on appeal unless plainly wrong or without evidence to support it. Jennings v. Jennings, 12 Va. App. 1187, 1188, 409 S.E.2d 8, 10 (1991).

The parties were married February 23, 1963. They were divorced January 6, 1989. The property was equitably distributed. Mr. Peterson was ordered to pay $1000 per month spousal support. Near the time of the divorce, in 1988, Mr. Peterson earned approximately $78,447 and Mrs. Peterson earned approximately $47,000.

In 1989, both parties petitioned the court for modification of support. Both petitions were denied. Mr. Peterson remarried, and by March, 1992, his second wife had developed colon cancer. Mr. Peterson's employer, Norfolk Southern, offered an early retirement option to its employees. Mr. Peterson was fifty-eight years old. Due to his wife's illness, Mr. Peterson took the early retirement option.

After retiring, Mr. Peterson petitioned the court for

termination of his spousal support based on changed circumstances. Lois Peterson petitioned to increase her spousal support award. After two _ore_ _tenus_ hearings and the receipt of legal memoranda, the trial court terminated the spousal support award. Lois Peterson's income at the time was approximately $64,500 from wages and an additional $9,000 in interest and dividend income. Mr. Peterson's retirement income was approximately $40,000. His pre-retirement income had been approximately $84,000.

Code § 20-109 states: "Upon petition of either party the court may increase, decrease or terminate spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, _as the circumstances may make proper_." (Emphasis added). A court may not only modify spousal support, but may terminate it if "changed circumstances" are demonstrated which justify termination. See _Thomas v. Thomas_, 217 Va. 502, 505, 229 S.E.2d 887, 889-90 (1976).

"The courts of this Commonwealth are empowered to assess spousal support awards, not to penalize or reward either party to the marriage contract, but rather to do equity between the two and to protect society's interests in the incidents of the marital relationship." _Jacobs v. Jacobs_, 219 Va. 993, 995, 254 S.E.2d 56, 57-58 (1979). When determining whether to modify or terminate spousal support, a trial court balances the factors contained in Code § 20-107.1 (formerly Code § 20-107), among

which are the incomes, assets, and earning capacities and respective needs and obligations of both parties. "Code § 20-107 defines several standards for balancing the respective needs and capacities of the husband and wife. The balance must be struck and awards made 'upon the basis of the circumstances disclosed by the evidence at the time of the award.' Code § 20-109 grants courts continuing jurisdiction to modify awards 'where changed circumstances are demonstrated.'" Id. (citation omitted). "This statutory scheme recognizes that comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that spousal support awards must be determined in light of contemporary circumstances and then, if necessary, redetermined in light of new circumstances." Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979).

Two of the elements to be considered in a changed circumstances analysis are the ability to pay and the need to be paid. Floyd v. Floyd, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985). Additionally, however, Code § 20-107.1 requires that the trial courts consider:

> 1. The earning capacity, obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature;
> 2. The education and training of the parties and the ability and opportunity of the parties to secure such education and training;
> 3. The standard of living established during the marriage;
> 4. The duration of the marriage;
> 5. The age and physical and mental condition

-4-

of the parties;
6.  The contributions, monetary and nonmonetary, of each party to the well-being of the family;
7.  The property interests of the parties, both real and personal, tangible and intangible;
8.  The provisions made with regard to the marital property under § 20-107.3; and
9.  Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Code § 20-107.1.

Lois Peterson contends that the trial court erroneously terminated her spousal support.  She argues that because her husband elected early retirement, the case of Antonelli v. Antonelli, 242 Va. 152, 409 S.E.2d 117 (1991), and its progeny justify reversal of the trial court's decision.  While we agree that in certain cases, a court must impute income, we do not find the imputation of income issue to be dispositive of this case. See McGuire v. McGuire, 10 Va. App. 248, 391 S.E.2d 344 (1990). Regardless of the trial court's treatment of the earning capacity issue, Mrs. Peterson's dramatic increase in actual earnings justifies the trial court's decision.

At the time of the parties' divorce in 1988, Mrs. Peterson earned wages of approximately $47,000.  By the time of the trial court's decision, she was earning approximately $64,500 in wages. Mrs. Peterson also had interest and dividend income of approximately $9,000 in 1993.  One of the reasons stated by the trial court for termination was "her salary."  A trial court is given wide discretion when determining spousal support.  See

-5-

Gamble v. Gamble, 14 Va. App. 558, 574–75, 421 S.E.2d 635, 645 (1992). No evidence indicates that she was worse off at the time of the hearing than when she was married, nor does the evidence support the view that she was entitled to the imputed income portion of Mr. Peterson's salary. By all indications, her standard of living had improved after divorce. The trial court did not abuse its discretion when it terminated spousal support.

Affirmed.