COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Powell and Senior Judge Clements
Argued at Richmond, Virginia


MICHAEL P. MARTIN

MEMORANDUM OPINION* BY
v.      Record No. 0916-08-2        JUDGE CLEO E. POWELL
FEBRUARY 24, 2009

EILEEN M. MARTIN


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Daniel T. Balfour, Judge

Christopher W. McDonald (Goodwin, Sutton & DuVal, PLC, on
briefs), for appellant.

Richard L. Locke (Shannon S. Otto; Locke, Partin & Deboer, on
brief), for appellee.


Michael P. Martin ("husband") appeals an order of the Circuit Court of Henrico County

granting Eileen M. Martin ("wife") an increase in spousal support payments. On appeal,

husband contends (1) the trial court erred in its decision to only impute $500 per month in

income to wife; (2) the trial court erred in finding that wife demonstrated a financial need for

increased spousal support; and (3) the trial court erred in awarding wife support based on her

current standard of living rather than the standard of living enjoyed by the parties during their

marriage. We disagree and affirm the decision of the trial court.

I.  BACKGROUND

Husband and wife were married on August 7, 1988. The parties separated on April 15,

2001 and were divorced on May 13, 2002. The parties had two children, Marilyn T. Martin,

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

born August 14, 1990, and Julia H. Martin, born February 7, 1997. During the marriage, husband worked a variety of jobs, while wife was primarily a homemaker.

On October 10, 2002, the trial court entered an order settling all outstanding issues involving equitable distribution, spousal support, child support, and attorney's fees. The trial court ordered husband to pay $4,000 per month in spousal support and $1,150 in child support. Additionally, wife was awarded the marital residence, provided she purchase husband's interest in the amount of $115,000. Wife subsequently used money she inherited to purchase husband's interest in the marital home.

On November 17, 2003, husband petitioned the court to reduce his spousal support obligation, requesting the trial court impute income to wife. The trial court denied his request. A subsequent appeal to this Court affirmed the trial court's decision, holding the husband failed to prove a material change in circumstances since entry of the initial spousal support order.

In 2006, husband again petitioned the trial court to reduce his spousal support obligation; again husband's petition was denied.

In October of 2007, both parties petitioned the court to modify husband's spousal support obligations. Wife sought an increase in spousal support based on a material change in circumstances. Specifically, wife claimed that husband was making over $500,000 annually, inflation had significantly decreased the value of the spousal support awarded in 2002, and wife's home was in need of significant repairs (e.g. $20,000 was needed to replace the furnace and air conditioner). Husband sought a reduction and/or termination of spousal support based on the fact that wife was not employed and did not have a need for support.

The trial court increased wife's spousal support to $6,000 per month through August 31, 2008. Effective September 1, 2008, the trial court ruled that $500 per month income would be imputed to wife, thus reducing spousal support to $5,500 per month. Additionally, the trial court

increased the monthly child support payments to $2,400 until August 15, 2008, when the child support payments would be reduced to $1,500 per month.

## II.  ANALYSIS

### A.  Imputed Income

Husband argues that the trial court's decision to only impute $500 per month in income to wife was not supported by the evidence, and is therefore plainly wrong.  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'"  Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

In the present case, the record clearly shows that the trial court discussed with husband's expert the possibility for wife to make as little as $600 per month before taxes.

> THE COURT:  So that would be $600 a month if she worked twenty days - - thirty hours a month, rather.  Is that right?  Did I do that right?  Yeah.
>
> DR. SINSABAUGH:  That's about right, sir.
>
> THE COURT:  That's my calculation.
>
> DR. SINSABAUGH:  And Hanover County had a community resource specialist in that same rate of part-time work at $15 an hour to $20 an hour.  She'd start at the lower end of the range. And those are - - those are the types of jobs.  They're two of them I've identified during that period that occurred of this last month.

As such, the record clearly demonstrates that the trial court considered the evidence before it.  Furthermore, based on the discussion with the husband's expert, clearly there was evidence to support the trial court's finding.  The record shows that wife had not worked outside

the home during the course of the marriage, her last employment was in the banking and retail industries during the 1980's, and she still had school-aged children at home. Even though husband's expert testified that wife was qualified for positions in mental health counseling, banking, and teaching, the evidence demonstrates that she had never worked in mental health counseling and does not hold a teaching certificate.

There is simply no evidence that the trial court abused its discretion in its decision to impute only $500 per month in income to wife. The fact that the amount imputed to wife is not the amount husband was hoping for does not demonstrate an abuse of discretion.

### B. Wife's Financial Need

Husband argues that the trial court erred in increasing wife's spousal support because wife failed to demonstrate a need for the increased support. "A party seeking spousal support bears the burden of proving all the facts necessary for an award." Robbins v. Robbins, 48 Va. App. 466, 484, 632 S.E.2d 615, 624 (2006). "In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992) (citations omitted).

Husband argues that wife failed to demonstrate a need for increased spousal support because her "need" was based on artificially inflated expenses. He argues that the trial court's award of spousal support based on these expenses represents an abuse of discretion. The allegedly improper expenses appear on the income and expense sheet wife submitted to the trial

court. Specifically, husband focuses his argument on the wife's inclusion of $1,000 per month in vacation expenses in the income and expense sheet.[1]

An examination of the evidence demonstrates that the trial court did not abuse its discretion in this matter. Although wife testified that some of the amounts were merely guesswork or what she would like to spend, the evidence shows that husband agreed with a majority of the amounts stated by wife. Wife's income and expense sheet estimates her total monthly expenses at $8,456.92. In response, husband submitted an income and expense sheet that estimated wife's total monthly expenses at $6,679.14. The trial court, however, only awarded spousal support in the amount of $6,000 per month, $679.14 less than the amount husband estimated wife's expenses to be. Thus, the evidence plainly shows that the trial court did not base its award of spousal support solely on artificially inflated expenses included on wife's income and expense sheet.

### C. Wife's Income from Assets

Husband next argues that the trial court erred in not considering the income potential of wife's property interests. Husband's argument is based on the proposition that wife should sell the home she currently lives in and purchase another, less expensive home in order to decrease her mortgage.

> The primary basis for calculating a support obligation is a spouse's current income or any additional income within the spouse's earning capacity. To this should be added monies derived from income-producing assets or those assets that can be altered to produce income. Additionally, in an appropriate case, other

---

[1] Although husband raises other issues (i.e. the propriety of wife listing the mortgage on the house she received in equitable distribution and expenses incurred on behalf of the parties' children), these issues were never raised before the trial court and, pursuant to Rule 5A:18, are procedurally barred. Moreover, this Court's ruling in McKee v. McKee, 52 Va. App. 482, 495, 664 S.E.2d 505, 511-12 (2008) (*en banc*), is controlling and answers husband's argument regarding the inclusion of the mortgage payment on the income and expense statement.

financial resources that may currently fail to produce income may also be considered.

L.C.S. v. S.A.S., 19 Va. App. 709, 715, 453 S.E.2d 580, 583 (1995).

"In exercising its discretion, the trial court must consider all the factors enumerated in Code § 20-107.1(E) when fashioning its award, but it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005) (citing Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). Moreover, "[w]here the . . . record discloses that the trial court has given due consideration to each of these factors, we will not disturb its determination as to spousal support on appeal." Id. In announcing its decision, the trial court specifically stated that it had considered the property interests of both parties, "both real and personal, tangible and intangible." Additionally, the trial court stated that it "was not going to place [wife] in a position of trying to sell [her house]." As the record is clear that the trial court gave due consideration to husband's proposition, we find no abuse of discretion.

### D. Wife's Standard of Living

Husband next contends that the award of spousal support allows wife to enjoy a standard of living that is not commensurate with the standard of living the parties enjoyed while married. Husband argues that during the marriage, the parties' highest annual income was $136,000; in contrast, the court ordered appellant to pay appellee $66,000 annually in spousal support. This, according to husband, indicates that the trial court awarded wife support based on her current standard of living rather than the standard of living enjoyed by the parties during their marriage.

"It is well established that spouses 'entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage,' subject to the other spouse's ability to pay." Furr, 13 Va. App. at 483-84, 413 S.E.2d at 75 (quoting Dukelow v. Dukelow, 2 Va. App. 21, 26, 341 S.E.2d 208, 210 (1986)).

In the present case, husband concedes the fact that he has the ability to pay the amount of spousal support awarded by the trial court. Additionally, as an indication of the standard of living enjoyed by the parties prior to the divorce, the record demonstrates the parties owned real estate in both Florida and Virginia, made contributions to a retirement fund, and went on numerous vacations.

Since the divorce, however, wife's standard of living has steadily declined. The evidence shows that the only property owned by wife is the former marital home. That home is in need of significant repairs, requiring an estimated $20,000 to repair the heating and air conditioning, which she could not afford. Additionally, wife has not made any contributions to a retirement fund or gone on a vacation since the divorce. Thus, it can hardly be said that the trial court awarded wife spousal support based on her current standard of living rather than the standard of living enjoyed by the parties during their marriage.

Husband begrudgingly acknowledges that, if wife has demonstrated a need for support, wife's spousal support should be adjusted for cost of living increases in order to maintain the standard of living enjoyed by the parties during the marriage. He argues, however, that the evidence does not support an increase to $6,000 per month. Rather, when cost of living increases are taken into account, wife's own expert testified that the support amount should only be increased to $4,608 per month in order to maintain the standard of living she enjoyed in 2002, when the parties first divorced. Thus, husband contends, an increase in support to $6,000 allows wife to enjoy a standard of living beyond the standard of living the parties enjoyed while married.

> Code § 20-109 grants courts continuing jurisdiction to modify awards where changed circumstances are demonstrated. Thus, "[the] statutory scheme recognizes that comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that spousal support awards must be

determined in light of contemporary circumstances and . . . redetermined [if necessary] in light of new circumstances."

Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979)).

As an initial matter, we note that the testimony relied upon by husband related to the present value of wife's 2002 support award and not to the actual amount of support that she required. Additionally, it can hardly be said that, by increasing wife's spousal support, the trial court was allowing her to enjoy a standard of living beyond that which the parties enjoyed while married. Rather, the record clearly demonstrates that wife is currently living far below the standard of living the parties enjoyed while married. See Furr, 13 Va. App. at 484-85, 413 S.E.2d at 75 ("[Spouse's] entitlement to be maintained in the manner to which she was accustomed during the marriage should not be undermined simply because she did not foresee [future expenses]."). As such, the trial court's decision that wife was entitled to increased spousal support in order to be maintained in the manner she was accustomed during the marriage was neither an abuse of discretion nor plain error.

## E. Wife's Attorney's Fees

Finally, wife seeks an award of attorney's fees and costs incurred on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). As this appeal lacks merit, we grant the wife's request. Accordingly, we remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs. Id.

## III.  CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court, grant the wife's request for attorney's fees and costs, and remand for determination of those fees and costs.

<u>Affirmed and remanded.</u>