In re the Marriage of Jason
Paul FAST, petitioner,
Respondent,

v.

Yvette Francis FAST, Appellant.

No. A08–0688.

Court of Appeals of Minnesota.

May 5, 2009.

Jason Paul Fast, Owatonna, MN, pro se respondent.

Charles H. Thomas, Gary H. Petersen, Law Offices of Southern Minnesota Regional Legal Services, Inc., Mankato, MN, for appellant.

Considered and decided by LARKIN, Presiding Judge; MINGE, Judge; and STAUBER, Judge.

## OPINION

MINGE, Judge.

Appellant challenges the district court's denial of her motion to enforce the provision of the marriage-dissolution judgment ordering respondent to pay a debt and hold to harmless on that debt. We reverse.

## FACTS

The marriage of appellant Yvette Fast and respondent Jason Fast was dissolved by a judgment dated February 6, 2007. Both appellant and respondent were obligated to Wells Fargo bank for indebtedness incident to their business, Fast Wireless. The dissolution judgment awarded respondent the business and the debt associated with it:

14. ***Business Known as Fast Wireless:*** ... Jason Paul Fast, is awarded all interest and equity in and to the

business known as Fast Wireless, located in Owatonna, MN and Faribault, MN. [Jason Fast] shall also assume full responsibility for all business debt holding [Yvette Fast] harmless therefrom.

This provision did not, and the dissolution court could not, release appellant from liability to Wells Fargo, but required respondent to assume full responsibility for and hold appellant harmless from the debt.

Following the marriage dissolution, respondent filed for chapter 7 bankruptcy. 11 U.S.C. ch. 7 (2006). Appellant was listed as a creditor in the bankruptcy proceedings along with the debt owed to Wells Fargo. Although appellant was provided notice, appellant did not participate in the bankruptcy proceedings. On August 8, 2007, respondent received a bankruptcy discharge pursuant to 11 U.S.C. § 727. Subsequently, Wells Fargo notified appellant that she was liable for the debt and demanded payment.

In October 2007, appellant sought to enforce the hold-harmless obligation in the dissolution judgment by seeking a district court order directing respondent to pay the Wells Fargo debt and the late fees and interest associated with it. Appellant argued that this obligation was not discharged in the bankruptcy proceeding. The district court denied appellant's motion, holding that the bankruptcy discharge relieved respondent from liability on the Wells Fargo debt and from his hold-harmless obligation. The district court noted that, because appellant had not intervened in the bankruptcy proceedings, she failed to take advantage of the processes available to protect herself from respondent's discharge. This appeal follows.

## ISSUE

Was respondent's obligation to hold appellant harmless on the Wells Fargo debt discharged in the bankruptcy proceeding?

## ANALYSIS

### I.

■ The primary issue is whether the district court erred in concluding that respondent's obligation in the marriage dissolution to hold appellant harmless on the Wells Fargo debt was discharged in the bankruptcy proceeding. This is a legal question. "An appellate court is not bound by, and need not give deference to, the district court's decision on a question of law." *Bondy v. Allen*, 635 N.W.2d 244, 249 (Minn.App.2001) (citing *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984)).

■ Respondent's debts were discharged under title 11, section 727 of United States Code. That section of the bankruptcy law provides: "Except as provided in section 523 of this title, a [bankruptcy] discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter...." 11 U.S.C. § 727(b) (2006). Section 523 of the bankruptcy code sets forth debts that are not discharged:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(5) for a domestic support obligation;

. . . .

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record,

or a determination made in accordance with State or territorial law by a governmental unit[.]

11 U.S.C. § 523 (2006).

In analyzing the bankruptcy code, the district court relied on clause (5) and did not consider clause (15). The district court further relied on *Long v. Long,* 413 N.W.2d 863, 866 (Minn.App.1987), which discussed a prior version of section 523. As it applies to marital obligations, that earlier version of the exception to discharge has been amended twice. Clause (15) was added to the bankruptcy code in 1994. Pub.L. No. 103–394, § 304 (enacted Oct. 22, 1994). The 2005 amendments modified section 523(a)(15) to remove a balancing test[1] and modified section 523(c)(1) to remove the requirement that appellant participate in the proceeding in order to prevent discharge of section 523(a) debts.[2] Pub.L. No. 109–8, § 215(2), (3) (enacted Apr. 20, 2005).

The current version of section 523(a)(15) of the bankruptcy code specifies that obligations to a spouse resulting from separation agreements and dissolution judgments are not dischargeable. Spouses are no longer required to participate in the bankruptcy proceedings to preserve their rights to enforce such marital obligations. Federal courts have consistently interpreted the 2005 amendments as written. *In re Dumontier,* 389 B.R. 890, 896 (Bkrtcy. D.Mont.2008); *In re Douglas,* 369 B.R. 462, 464 (Bkrtcy.E.D.Ark.2007); *In re Schweitzer,* 370 B.R. 145, 150–51, (Bkrtcy. S.D.Ohio 2007); *see also Rogers v. Rogers,* 51 Va.App. 261, 656 S.E.2d 436, 442 (2008); 4 *Collier on Bankruptcy* § 523.21, 117–119 (Alan N. Resnick and Henry Sommer eds., 2008).

Because the district court erred in its interpretation of the United States Bankruptcy Code, we reverse and remand for the district court to order respondent to meet his hold-harmless obligation.

## II.

Appellant also asserts that the district court improperly modified the marriage dissolution by failing to enforce respondent's obligation to hold appellant harmless on the Wells Fargo debt. Because we conclude that the district court erred in its

---

1. Prior to the 2005 amendments to the bankruptcy code, section 523(a)(15) contained a balancing test that read:

    (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

    (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

    (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

    11 U.S.C. § 523(a)(15) (2004).

2. Prior to the 2005 amendments to the bankruptcy code, section 523(c)(1) read:

    Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or *(15) of subsection (a)* of this section, *unless,* on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

    11 U.S.C. § 523(c)(1) (2004) (emphasis added). After the 2005 amendments the language was modified and the reference to § 523(a)(15) was removed.

interpretation of the bankruptcy code, we do not reach this issue.

## DECISION

Because we conclude that respondent's hold-harmless obligation to appellant established by the dissolution decree was not discharged by his bankruptcy, we reverse and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**