COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Powell and Senior Judge Clements


MICHAEL LLOYD HARRISON

                                                    MEMORANDUM OPINION[*]
v.        Record No. 2439-09-1                           PER CURIAM
                                                      APRIL 27, 2010
DEBORAH KAY GARRETT HARRISON


              FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                       Marjorie A. Taylor Arrington, Judge

              (Stephen P. Givando; Erin Evans-Bedois; MacDonald, Plumlee &
              Overton, P.C., on brief), for appellant.

              (Gregory S. Larsen; Roy, Larsen, Carnes & Romm, P.C., on brief),
              for appellee.


        Michael Lloyd Harrison (husband) appeals a final decree in which Deborah Kay Garrett

Harrison (wife) was awarded spousal support and attorney's fees.  Husband argues that the trial

court erred by (1) awarding spousal support to wife because (a) wife included expenses for their

adult children as a basis for spousal support, (b) husband's expenses outweighed his income, and

(c) the award was more than wife requested; (2) setting the effective date for the spousal support

award; and (3) awarding attorney's fees to wife.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The parties married on July 13, 1985, separated on March 10, 1997, and divorced on October 21, 2009. The parties had two children, both of whom were emancipated at the time of the final hearing.

In 2003, husband filed a bill of complaint for divorce, and wife responded with an answer and cross-bill. The parties reached an agreement on all of the issues in the case, except for spousal support and attorney's fees. On December 12, 2008, the trial court heard evidence and argument from the parties. On June 24, 2009, the trial court issued a letter opinion. After considering the factors in Code § 20-107.1, the trial court awarded spousal support to wife in the amount of $300 per month and awarded wife $1,000 in attorney's fees. The trial court entered the final decree on October 21, 2009, and husband timely noted his appeal.

ANALYSIS

Spousal Support Award

Husband argues that the trial court abused its discretion in awarding spousal support to wife. He argues that the trial court considered expenses for the parties' adult children in setting the spousal support award and awarded wife more than she requested. He also contends the trial court did not consider his ability to pay spousal support.

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

In awarding spousal support, a trial court must consider the factors in Code § 20-107.1(E); however, "[t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

In its letter opinion, the trial court considered the Code § 20-107.1 factors before awarding $300 per month in spousal support to wife. The trial court noted that wife's health and health insurance were "important factor[s] in this case." Wife had several health issues, including diabetes, high blood pressure, and thyroid cancer. In addition to the spousal support award, the trial court ordered husband to maintain health insurance for wife "*provided such coverage is available through [his] employment.*" (Emphasis added.) Husband testified that after they divorce, wife would need to obtain her own health insurance. Wife testified that the health insurance available to her at her employment does not provide as good of coverage as husband's insurance, so her expenses will increase. Husband argues that wife's request for spousal support only included sufficient funds to pay for health insurance, and the trial court ordered more than what wife requested. The trial court "carefully considered the necessary factors and based [its] determination not on a specific dollar amount, but upon the evidence presented and the relative needs of the parties and their ability to pay." Joynes v. Payne, 36 Va. App. 401, 423, 551 S.E.2d 10, 21 (2000).

Furthermore, husband argues that the trial court did not weigh his ability to pay against wife's need for spousal support. He stated that he was not living the same type of lifestyle that he did during the marriage because he had to borrow money to manage his expenses. However, the trial court noted that since the separation, he was able to purchase a house, while wife continued to

live in the former marital residence owned by her parents and which needed "costly repairs." Wife was working two jobs and had a need for support due to her health problems.

Husband contends wife did not need spousal support because the parties were separated for a period of twelve years before wife requested spousal support. He insisted that wife's request for spousal support was based on the children's educational expenses and other living expenses. Husband asserted that wife's income and expense statement included numerous expenses for the children, and if the trial court subtracted those expenses from her statement, she would not need spousal support. The trial court disagreed.

The trial court did not abuse its discretion in awarding wife $300 per month in spousal support because it considered the factors in Code § 20-107.1, and the evidence supports the spousal support award.

## Effective Date of Spousal Support

Husband argues that the trial court erred in setting the effective date for the spousal support award. The trial court's letter opinion stated that husband would start paying spousal support to wife on the first day of the month following the entry of the final decree. There was a handwritten change to the final decree, which indicated that the spousal support payments would begin on July 1, 2009. Appellee's counsel initialed the change, but appellant's counsel did not. Appellant argues that it was error to change the commencement date.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ." Husband did not comply with Rule 5A:20(e) because his opening brief did not contain any principles of law or citation to legal authorities to fully develop his argument.

Husband has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of

- 4 -

error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

We find that husband's failure to comply with Rule 5A:20(e) is significant, so we will not consider question presented 2. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

### Attorney's Fees

Appellant argues that the trial court abused its discretion in awarding attorney's fees to wife. The trial court awarded $1,000 in attorney's fees to wife. Wife incurred approximately $5,428 in attorney's fees and costs, while husband incurred approximately $2,033.31.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Based on the circumstances, the trial court did not abuse its discretion in awarding $1,000 to wife for her attorney's fees.

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Given that wife prevailed and husband's arguments were substantially without merit, we deny husband's request for attorney's fees and hold that wife is entitled to a reasonable amount of attorney's fees and costs. See Rogers v. Rogers, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008). We remand for

the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed and remanded.</u>