COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Powell and Senior Judge Willis
Argued at Alexandria, Virginia


SHRUTI PARIKH

                              MEMORANDUM OPINION[*] BY

v.      Record No. 1989-10-4              JUDGE JERE M.H. WILLIS, JR.
                                       JUNE 21, 2011

JAYESH PARIKH


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James H. Chamblin, Judge

Mumtaz A. Wani (Sarah E. Siedentopf; Wani & Associates, P.C., on briefs), for appellant.[1]

Rachel M. Fierro (The Herndon Law Firm, P.L.C., on brief), for appellee.


Shruti Parikh (Ms. Parikh) appeals a final decree of divorce, entered on August 19, 2010. She initially asserted forty-two assignments of error, but withdrew seven of them. The remaining thirty-five assignments of error are as follows[2]:

>(1) the trial court erred in finding that there was no valuation submitted for the Indian property;
>
>(2) the trial court erred by not allowing the India government's documents relating to the Indian property into evidence;
>
>(3) the trial court erred by not considering the Indian property for purposes of dividing the marital property pursuant to Code § 20-107.3;

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On March 14, 2011, Sarah E. Siedentopf moved to withdraw as counsel of record for Shruti Parikh. We granted that motion on May 19, 2011. Mumtaz A. Wani remains Ms. Parikh's counsel of record.

[2] We retain the original number of each assignment of error as listed in Ms. Parikh's brief.

(4) the trial court erred in finding that Ms. Parikh had not properly accounted for her expenses;

(5) the trial court erred by failing to properly consider and divide the loans and expenses of Ms. Parikh's business pursuant to Code § 20-107.3;

(6) the trial court erred by failing to properly consider and divide Ms. Parikh's school loans pursuant to Code § 20-107.3;

(7) the trial court erred by failing to properly consider and include Ms. Parikh's debts for living expenses in its award pursuant to Code § 20-107.3;

(8) the trial court erred by failing to properly consider the expenses from Ms. Parikh's Bank of America business account pursuant to Code § 20-107.3;

(9) the trial court erred by failing to properly consider the expense from Ms. Parikh's Bank of America checking account pursuant to Code § 20-107.3;

(10) the trial court erred by failing to properly consider the expenses from Ms. Parikh's SunTrust checking account pursuant to Code § 20-107.3;

(11) the trial court erred by failing to properly consider the expenses from Ms. Parikh's 2009 tax return and her profit and loss statement pursuant to Code § 20-107.3;

(12) withdrawn;

(13) the trial court erred by failing to properly consider Ms. Parikh's expenses for necessary items purchased from India through her parents;

(14) withdrawn;

(15) the trial court erred by failing to properly consider Ms. Parikh's expense for the airfare of her 70 years old parents who had to come from India to support her and her daughter during the stressful divorce process;

(16) the trial court erred in awarding a monetary award to Jayesh Parikh (Mr. Parikh) pursuant to Code § 20-107.3;

(17) the trial court erred in concluding that an alternate valuation date was appropriate for Ms. Parikh's accounts pursuant to Code § 20-107.3;

(18) the trial court erred in concluding that an alternate valuation date should not be placed on Mr. Parikh's accounts pursuant to Code § 20-107.3;

(19) the trial court erred in valuing Ms. Parikh's Bank of America business account and Bank of America custodial account on different dates so that the $4,443 used to set up the custodial account from the business account was included twice in the monetary award against Ms. Parikh;

(20) withdrawn;

(21) the trial court erred by dividing the minor child's savings bonds which were set up for her college fund;

(22) the trial court erred in finding that Mr. Parikh did not have a second job at "Patel Brother's" Indian grocery store where he was paid only in cash;

(23) the trial court erred by failing to make a finding that Mr. Parikh was hiding money from Ms. Parikh;

(24) the trial court erred by failing to find that Mr. Parikh was hiding marital funds from Ms. Parikh because he gave his lottery winnings of $14,900 to his sister until after the divorce proceedings began and then asked for their return;

(25) the trial court erred by failing to find that Mr. Parikh violated the court's order dated March 5, 2010, by making a large withdrawal from his bank account;

(26) the trial court erred by failing to find that Mr. Parikh violated the court's December 1, 2009 *pendente lite* order by dissipating marital property by removing his name from his property in India;

(27) withdrawn;

(28) the trial court erred by failing to award the statutorily correct child support pursuant to Code §§ 20-107.2, -108.1, and -108.2;

(29) withdrawn;

(30) the trial court erred by not awarding any spousal support pursuant to Code § 20-107.1 and -108.1;

(31) the trial court erred in its visitation decreed under Code § 20-107.2 by not giving each parent the opportunity to take the minor child to India during her summer vacation for a full three months;

(32) the trial court erred by failing to make a finding that the custodial parent is entitled to include the minor child as a dependent for tax purposes;

(33) withdrawn;

(34) the trial court erred in its finding of fact that the value of Mr. Parikh's car was $4,575;

(35) the trial court erred in its finding of fact that the value of Ms. Parikh's car was $10,700;

(36) the trial court erred by failing to properly consider and include the outstanding loan balance of $6,075 on Ms. Parikh's car in its valuation and equitable distribution pursuant to Code § 20-107.3;

(37) the trial court erred in finding that Ms. Parikh's business was marital property pursuant to Code § 20-107.3;

(38) the trial court erred by valuing the marital property above the tax valuation of the property;

(39) the trial court erred by classifying the entirety of a bank account as marital property pursuant to Code § 20-107.3 when it was owned jointly by Ms. Parikh and her parents;

(40) withdrawn;

(41) the trial court erred by failing to find that funds in CD *2122 were a gift from Ms. Parikh's parents and thus not marital property to be divided pursuant to Code § 20-107.3; and

(42) the trial court erred by failing to award Ms. Parikh attorney's fees for the unnecessary and expensive litigation and motions to inspect and compel which Mr. Parikh filed.

We affirm the judgment of the trial court.

BACKGROUND

The parties, natives of India, were married on July 14, 1999.  They have one daughter, who was born in May 2000.  After the marriage, Mr. Parikh lived in the United States, while

- 4 -

Ms. Parikh and the child remained in India. Ms. Parikh and the child joined Mr. Parikh in the United States several years later.

At the time of trial, Mr. Parikh worked at Perot Systems, earning approximately $33,000 per year.[3] Ms. Parikh ran a beauty salon out of her home. Perot Systems was later purchased by Dell.

The parties separated on December 29, 2008. In the following month, Ms. Parikh withdrew large sums of money from the parties' bank accounts.[4]

The trial court heard testimony and argument over the course of a two-day trial. The parties submitted stipulations. On July 27, 2010, the trial court issued its ruling orally from the bench. It directed counsel to prepare the final decree, which it entered on August 19, 2010. No exceptions were noted at the July 27, 2010 oral ruling, and none were noted in the body of the final decree. Counsel for Ms. Parikh noted written exceptions at the end of the decree. On September 2, 2010, Ms. Parikh timely filed a motion for reconsideration, but she did not present or secure the entry of an order suspending the finality of the August 19, 2010 decree, which became final on September 9, 2010. Rule 1.1. Noting this, on September 15, 2010, the trial court entered an order denying the motion for reconsideration. That ruling is not appealed. Therefore, we consider the case on the pre-decree record, the August 19, 2010 final decree, and the exceptions noted at the end of that decree.

ANALYSIS

India Property – Assignments 1 – 3

Ms. Parikh argues that Mr. Parikh owned property in India with his brother, but removed his name from the ownership documents during the separation. She contends the trial court erred

---

[3] Mr. Parikh's income is one of the issues in the case.

[4] Ms. Parikh's withdrawal of funds is another issue in the case.

in finding that no valuation for the India property was submitted and in not including that property in equitable distribution. During the trial, Ms. Parikh tendered documents from the Indian government purporting to show that Mr. Parikh had removed his name from property that he previously owned with his brother. The trial court asked Ms. Parikh's counsel, "[A]re you going to have any evidence as to the value of this property?" Ms. Parikh's counsel responded, "No."

"The burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (citing Taylor v. Taylor, 5 Va. App. 436, 443, 364 S.E.2d 244, 248 (1988)).

Here, Ms. Parikh submitted no evidence of the value of the India property. Thus, the trial court could not value it.

The trial court ruled,

> Based upon the evidence that was admitted, I can't make a finding that Mr. Parikh has any interest in the property in India that was mentioned during the hearing as being say the place where they stayed when they were in India together or her brother's place or whatever it might be. Without any evidence of value, without any evidence of how it was acquired or anything, I can't really make a determination. I can't even classify it. So it's not a part of equitable distribution.

Ms. Parikh's counsel having stated that Ms. Parikh had no evidence to prove the value of the India property, and no such evidence being presented, the trial court did not err in concluding that no valuation for the property was submitted.

Likewise, Ms. Parikh failed to prove that Mr. Parikh had an interest in the Indian property. She argues that the trial court should have accepted her tendered Indian documents pursuant to Code § 8.01-390, which provides, "Copies of records . . . of another country, . . . shall be received as prima facie evidence provided that such copies are authenticated to be true copies either by the custodian thereof or by the person to whom the custodian reports, if they are

different."  The tendered documents were stamped by a notary and certified to be a "true and correct translation."  However, the national stamp and the certification do not meet the requirements of Code § 8.01-390 because the documents were not authenticated as true copies by their custodian or by a person to whom the custodian reports.  See also Taylor v. Maritime Overseas Corp., 224 Va. 562, 299 S.E.2d 340 (1983).  The trial court did not err in rejecting those documents.

Without competent evidence of the character of the property, its ownership, and its value, the trial court could not classify or divide it.  See Code § 20-107.3.

Ms. Parikh's Expenses and Bank Accounts – Assignments 4 - 15[5]

Ms. Parikh contends the trial court erred in finding (4) she had not properly accounted for her expenses; in failing to properly consider and divide (5) her business loans and expenses, (6) her school loans, (7) her living expense debts; and in failing to properly consider (8) her Bank of America business account, (9) her Bank of America checking account, (10) her SunTrust checking account, (11) her 2009 tax return and profit and loss statement, (13) her expense for purchases from India, and (15) her parents' airfare expenses.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence."  McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

Ms. Parikh's only exception relating to issues 4 through 15 is found at the end of the final decree and simply states, "failure to consider all of wife's debts."  This exception can be read to apply to assignments 4 through 7.  However, the trial court considered these items, including her business expenses, equipment, back taxes, school loans, and living expenses.  It stated several

---

[5] Assignments 12 and 14 were withdrawn.

times in its ruling that Ms. Parikh had not explained her expenses and what she did with her money. It stated that it had reservations as to her credibility. It found that she had dissipated assets. These holdings are supported by the evidence and reflect no abuse of discretion.

Ms. Parikh did not preserve for appeal the issues contained in assignments 8 through 15. She stated no specific objection relating to these issues. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. Accordingly, we will not consider her arguments in assignments 8 through 11, 13, and 15.

### Monetary Award – Assignment 16

Ms. Parikh argues that the trial court erred in ordering that she pay Mr. Parikh a monetary award for equitable distribution because she takes care of the child and earns less money than he does. The trial court ordered Ms. Parikh to pay, on or before September 27, 2010, $37,000 to Mr. Parikh's law firm, which was to hold the money in trust.[6] Ms. Parikh's exception, noted on the final decree, states only, "Equitable award to Plaintiff." She provided no further reason or explanation, none of the argument that she now asserts. Thus, she did not preserve this issue pursuant to Rule 5A:18. "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). Therefore, we will not consider this argument.

### Alternate Valuation Date – Assignments 17 - 19

Ms. Parikh argues that the trial court erred in using an alternate valuation date for her accounts, but not for Mr. Parikh's accounts. Mr. Parikh filed a motion for an alternate valuation date for Ms. Parikh's accounts because shortly after the parties' separation, Ms. Parikh withdrew

---

[6] Neither party indicated whether she made this payment.

- 8 -

large sums of money from the parties' accounts.[7] Ms. Parikh did not file a motion for an alternate valuation date.

> The court shall determine the value of any such property as of the date of the evidentiary hearing on the evaluation issue. Upon motion of either party made no less than 21 days before the evidentiary hearing the court may, for good cause shown, in order to attain the ends of justice, order that a different valuation date be used.

Code § 20-107.3(A).

The trial court granted Mr. Parikh's motion for an alternate valuation date for Ms. Parikh's accounts. Ms. Parikh could not adequately explain where the money went after she withdrew it. The trial court explained in detail its reasons for assigning valuation dates. The reasons were cogent and proper.

We find no abuse of discretion in the trial court's granting Mr. Parikh's motion for an alternate valuation date for Ms. Parikh's accounts and its failure to order another alternate valuation date for which Ms. Parikh had not moved.

### Child's Bonds – Assignment 21

Ms. Parikh argues that the trial court erred in dividing the child's savings bonds; however, she noted no objection to this ruling. See Rule 5A:18. Therefore, we will not consider this issue.

### Mr. Parikh's Second Job – Assignment 22

Ms. Parikh argues that the trial court erred in holding that Mr. Parikh did not work a second job at the Patel Brothers grocery store. The trial court ruled,

> The evidence about Patel Brothers, I can't make a finding that Mr. Parikh worked for Patel Brothers, but I tell you, it sure is suspicious, both as to the things that he allegedly did for Patel Brothers, like some spreadsheets, plus the time he was spending

---

[7] The parties stipulated that wife withdrew approximately $61,000 from certificates of deposit and bank accounts within approximately one month of the separation.

there and the testimony of not one, but several witnesses about seeing him there.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

Here, the trial court saw and heard the witnesses. Although the trial court found the evidence was "suspicious," it held that the evidence was insufficient to prove that Mr. Parikh worked at the store. The evidence supports this ruling.

### Hiding Money – Assignments 23 - 25

Ms. Parikh argues that Mr. Parikh was hiding money, including his lottery winnings, and that the trial court erred in not finding that Mr. Parikh violated the *pendente lite* order and withdrew money from his bank account. Ms. Parikh made no timely objection to the trial court's rulings. Rule 5A:18 prevents our considering her arguments.

### Violation of Pendente Lite Order – Assignment 26

Ms. Parikh argues that Mr. Parikh violated the *pendente lite* order by removing his name from the property in India. This issue was not preserved, as there was no timely objection to the trial court's ruling. Rule 5A:18.

### Child and Spousal Support – Assignments 28 and 30

Ms. Parikh argues that the trial court incorrectly calculated Mr. Parikh's income for child support purposes because it did not include his stock bonus and overtime. Ms. Parikh also contends the trial court erred in not awarding her spousal support. These issues were not preserved, as Ms. Parikh failed to make timely objections to the trial court's rulings. Rule 5A:18.

### Visitation – Assignment 31

The trial court ruled that the parties should determine visitation for the holidays and the summer. The final decree presented by the parties provides that a parent, father in odd years and mother in even years, may take the child to India for three weeks in the summer. Ms. Parikh argues that the trial court erred in not setting these visits to extend for three months. She argues that it is in the child's best interests to visit with her extended family and learn about her heritage in India. However, Ms. Parikh did not make this argument to the trial court. She merely noted, as her objection, "Limiting visits to India to 3 weeks." She stated no basis for the objection. She asserted no reference to the child's best interests or to how those interests might be affected by any particular length of visitation. She asserted no error in the trial court's ruling. Under those circumstances, we find no abuse of discretion in the trial court's ruling.

### Tax Dependency Exemption – Assignment 32

Ms. Parikh argues that the trial court erred in ordering that the parties shall alternate the child dependency exemption because the trial court cannot force her to sign the IRS form to allow Mr. Parikh to claim the child.

No argument preserving this question is presented to us on appeal. Ms. Parikh simply objected on the final decree, "Alternating Child Exemption." This objection is not sufficient to preserve her argument on appeal, as it was not stated with "reasonable certainty at the time of the ruling." Rule 5A:18.

### Value of Cars – Assignments 34 - 36

Ms. Parikh argues that the trial court erred in valuing the parties' cars. The trial court valued Ms. Parikh's car at $10,700 and Mr. Parikh's car at $4,575. Ms. Parikh also argues that the trial court erred by not considering her car loan balance of $6,075 during equitable distribution.

These issues were not preserved, as Ms. Parikh made no timely objection to these rulings. Rule 5A:18.

Ms. Parikh's Business – Assignment 37

Ms. Parikh argues that the trial court erred in finding that her business was marital property.

This issue was not preserved. Ms. Parikh made no timely objection to this ruling. Rule 5A:18.

Values Above Tax Valuation – Assignment 38

Ms. Parikh argues that the trial court erred in valuing the home above the tax valuation. The parties stipulated as follows: "The marital home is valued at $152,245.00. The parties owe $71,888.99 as of March 26, 2010."

This issue was not preserved. Ms. Parikh made no timely objection to this ruling. Rule 5A:18.

Ms. Parikh's Parents – Assignments 39 and 41

Ms. Parikh argues that the trial court erred in dividing a bank account that she owns with her parents. However, the parties stipulated that "[a]ll of the accounts and funds before the Court are marital funds." "According to Black's Law Dictionary, 3rd Ed., a stipulation contemplates 'an agreement between counsel respecting business before a court'. If the stipulation was agreed to there can be no objection to it." Burke v. Gale, 193 Va. 130, 137, 67 S.E.2d 917, 920 (1951).

Ms. Parikh also argues that funds in a certificate of deposit were a gift from her parents. This issue was not preserved. Ms. Parikh made no timely objection to this ruling. Rule 5A:18.

Attorney's Fees – Assignment 42

Ms. Parikh argues that the trial court erred in not awarding her attorney's fees. The trial court declined to award either party attorney's fees because

> [I]n this case, I just come to the conclusion that the good old American rule ought to apply and let everybody pay their own attorney's fees. And this is . . . mainly because the one person who I feel who might be entitled to an attorney fee award is Mr. Parikh, but he's in a much better economic situation right now than Ms. Parikh is, given the decision of this Court.
>
> \* \* \* \* \* \* \*
>
> I know that Ms. Parikh wants an attorney fee award, but I just think the parties ought to just bear their own attorney's fees in this case.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).

Considering the circumstances of this case, the trial court did not abuse its discretion in deciding that the parties should be responsible for their respective attorney's fees.

### Attorney's fees and costs incurred on appeal

Mr. Parikh requested an award of attorney's fees incurred on appeal, whereas Ms. Parikh requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because Mr. Parikh has largely prevailed in this appeal, we deny Ms. Parikh's request for attorney's fees and costs. Rogers v. Rogers, 51 Va. App. 261, 274, 656 S.E.2d 436, 442 (2008). Considering the entire record in this case and the nature of this appeal, we hold that Mr. Parikh is entitled to a reasonable award of attorney's fees, and we remand the case to the trial court to set that award.

### CONCLUSION

The trial court's judgment is affirmed. We remand this case to the trial court for determination and award of appropriate appellate attorney's fees to Mr. Parikh.

Affirmed and remanded.

- 13 -